# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
## No. 14-560V
Filed: June 9, 2022

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | | |
| JEAN YATES, *individually and as a* | * | UNPUBLISHED |
| *representative of the late* | * | |
| ROBERT YATES, | * | |
| | * | Decision on Attorneys' Fees and Costs |
| Petitioner, | * | |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * | | |

*Patricia Finn, Esq.*, Patricia Finn P.C., Piermont, NY, for petitioner.
*Voris Johnson, Esq.*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Roth**, Special Master:

On June 30, 2014, Jean Yates ("Ms. Yates" or "petitioner") filed a petition on behalf of her late son, Robert Yates ("Mr. Yates"), for compensation under the National Vaccine Injury Compensation Program.[2] Petitioner alleges that the death of Mr. Yates was a result of receiving a meningococcal conjugate ("Menactra") vaccination on July 28, 2011. Petition ("Pet."), ECF No. 1. On April 16, 2020, the undersigned issued a Decision denying compensation. Decision, ECF No. 96. Petitioner filed a Motion for Review, which was denied by Judge Bruggink. Opinion Denying Motion for Review, ECF No. 102.

---

[1] Although this Decision has been formally designated "unpublished," it will nevertheless be posted on the Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). **This means the Decision will be available to anyone with access to the internet.** However, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id.*

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On March 12, 2021, petitioner filed a Motion for Attorneys' Fees and Costs. Motion for Fees, ECF No. 108. Respondent filed a response on March 15, 2021 providing no objection to petitioner's rates and costs and "respectfully request[ed] that the Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs." Response, ECF No. 109. However, the Court noted overbilling of hourly rates, and petitioner was ordered to strike and refile her Motion for Fees with appropriate rates for petitioner's counsel and paralegals. Order at 2, ECF No. 110.

Petitioner filed a Revised Motion for Attorneys' Fees and Costs on January 26, 2022. Revised Motion for Fees, ECF No. 112. Petitioner requests attorneys' fees in the amount of $97,769.02 and costs in the amount of $7,051.84 (costs to petitioner's counsel) and $18,175.00 (unpaid expert fees to Dr. Laurel Waters), for a total of **$122,995.86.** *Id.* at 15. Petitioner requests that this total amount of $122,995.86 be made payable jointly to Patricia Finn, Esq. and Jean Yates.

In accordance with General Order No. 9, petitioner's counsel represents that petitioner incurred $13,520.00 in out-of-pocket expenses for filing, expert costs, and reimbursements. Pet. Ex. 35, ECF No. 108. Therefore, petitioner additionally requests that a total of **$13,520.00** be made payable to Jean Yates. Revised Motion for Fees at 15, ECF No. 112; Motion for Fees at 6, ECF No. 108. In total, a sum of **$136,515.86** for fees and costs is requested.

## I. Legal Framework

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1). If a petitioner succeeds on the merits of his or her claim, he or she is entitled to an award of reasonable attorneys' fees and costs. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1).

The Federal Circuit has endorsed the use of the lodestar approach to determine what constitutes "reasonable attorneys' fees" and "other costs" under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Under this approach, "an initial estimate of a reasonable attorneys' fee" is calculated by "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Id.* at 1347-48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). That product is then adjusted upward or downward based on other specific findings. *Id.*

Special masters have substantial discretion in awarding fees and may adjust a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners with notice and opportunity to respond. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). Special masters need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

## II. Discussion

**A.      Reasonable Hourly Rate**

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney." *Rodriguez v. Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349). There is a "limited exception" that provides for attorneys' fees to be awarded at local hourly rates when "the bulk of the attorney's work is done outside the forum jurisdiction" and "there is a very significant difference" between the local hourly rate and forum hourly rate. *Id*. This is known as the *Davis County* exception. *Hall v. Sec'y of Health & Human Servs.*, 640 F.3d 1351, 1353 (2011) (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

For cases in which forum rates apply, *McCulloch* provides the framework for determining the appropriate hourly rate range for attorneys' fees based upon the attorneys' experience. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for subsequent years.[3]

Petitioner requests the following hourly rates for her counsel, Ms. Patricia Finn: $310 for work in 2014, $316 for work in 2015, $328 for work in 2016, $340 for work in 2017, $352 for work in 2018, $365 for work in 2019, and $378 for work in 2020. Petitioner requests the following hourly rates for her counsel's paralegals: $135 for work in 2014-2016, $140 for work in 2017, $145 for work in 2018, and $150 for work in 2019, and $160 for work in 2020. The rates requested for Ms. Finn and her paralegals are consistent with what they have previously been awarded for their Vaccine Program work. *See e.g.*, *See, e.g., McDonald v. Sec'y of Health & Human Servs.*, No. 18-1204V, 2021 WL 3929227, at *8-9 (Fed. Cl. Spec. Mstr. Jun. 23, 2021) (awarding Ms. Finn $352.00 per hour for 2018, $365.00 per hour for 2019, and $378.00 per hour for 2020); *Streeter v. Sec'y of Health & Human Servs.*, No. 18-138V, 2019 WL 7341596 (Fed. Cl. Spec. Mstr. Nov. 19, 2019) (awarding $340.00 per hour for 2017 to Ms. Finn and paralegal rates of $135.00 per hour for 2016, $140.00 per hour for 2017, $145.00 per hour for 2018, and $150.00 per hour for 2019); *Murphy v. Sec'y of Health & Human Servs.*, No. 05-1063V, 2017 WL 1718800, at *4 (Fed. Cl. Spec. Mstr. Apr. 3, 2017) (awarding Ms. Finn $328.00 per hour for 2016, $316.00 per hour for 2015, and $310.00 per hour for 2014 and paralegal rates of $135.00 per hour for work in 2014-2016). Based on the foregoing, I find the requested rates for petitioner's counsel and her paralegals to be reasonable.

---

[3] The fee schedules are posted on the Court's website. *See* Office of Special Masters, *Attorneys' Forum Hourly Rate Fee Schedule 2018, Attorneys' Forum Hourly Rate Fee Schedule 2019, Attorneys' Forum Hourly Rate Fee Schedule 2020,* http://www.uscfc.uscourts.gov/node/2914 (last visited June 3, 2022).

## B.      Hours Reasonably Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton ex rel. Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). "Unreasonably duplicative or excessive billing" includes "an attorney billing for a single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing excessively for intra office communications, attorneys billing excessive hours, [and] attorneys entering erroneous billing entries." *Raymo v. Sec'y of Health & Human Servs.*, 129 Fed. Cl. 691, 703 (2016). While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal. *O'Neill v. Sec'y of Health & Human Servs.*, No. 08-243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *McCulloch*, 2015 WL 5634323, at *26. Hours spent traveling are ordinarily compensated at one-half of the normal hourly attorney rate. *See Scott v. Sec'y of Health & Human Servs.*, No. 08-756V, 2014 WL 2885684, at *3 (Fed. Cl. Spec. Mstr. June 5, 2014) (collecting cases). And "it is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Human Servs.*, No 14-1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton*, 3 F.3d at 1522. In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen*, 102 Fed. Cl. at 728-29 (affirming the Special Master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Human Servs*., 38 Fed. Cl. 403, 406 (1997) (same).

The overall hours spent on this matter appear to be reasonable. The undersigned has reviewed the billing entries and finds that the billing entries adequately describe the work done on the case and the amount of time spent on that work. None of the entries appear objectionable, nor has respondent identified any entries as objectionable. **Accordingly, petitioner is entitled to final attorneys' fees of $97,769.02**

## C.      Reasonable Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.,* 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $25,226.84 (representing $7,051.84 to Patricia Finn, Esq. and $18,175.00 to Laurel Waters, M.D.) in costs for acquisition of medical records, the filing fees, postage, and expert fees and costs.

### i.      Expert Fees and Costs

More specifically, petitioner requests $18,175.00 for work performed by Dr. Laurel Waters, representing 13.25 hours of work billed at an hourly rate of $500.00, 21 hours of travel for the hearing billed at an hourly rate of $300.00, and 7 hours of appearance at the hearing billed at an hourly rate of $750.00. *See* Exhibit 34 at 9, ECF No. 108.

While Dr. Water's hourly rate for work appears reasonable, *see Hill Scott v. Sec'y of Health & Human Servs.*, No. 15-687V 2018 WL 3991393 (Fed. Cl. Spec. Mstr. July 25, 2018), deductions to Dr. Waters's travel and hearing rates must be made.

Dr. Waters requested a travel rate of $300.00 per hour for 21 hours. Within the Vaccine Program, hours spent traveling are ordinarily compensated at one-half the individual's working hourly rate (unless the individual documents that he or she worked on the case while traveling). *See, e.g., Scott v. Sec'y of Health & Human Servs.*, No. 08–756V, 2014 WL 2885684, at *3 (Fed. Cl. Spec. Mstr. June 5, 2014). While *Scott* applies this principle to formulate a reduced hourly rate for travel by an attorney, the same principle extends to travel by an expert. Accordingly, Dr. Waters will be awarded one-half of her rate or $250.00, for the time spent traveling. **This results in a deduction of $1,050.00.**

Dr. Waters requested a rate of $750.00 per hour for 7 hours at a hearing. Dr. Waters does not offer any justification for this significantly higher rate, and in the Vaccine Program, an expert is typically awarded one hourly rate for all work done in a case. *See Forrest v. Sec'y of Health & Human Servs.*, No. 10-32V, 2018 WL 3029330, at *4 (Fed. Cl. Spec. Mstr. May 22, 2018). Therefore, I will award Dr. Waters the same rate of $500.00 per hour for her participation in the hearing. **This results in a deduction of $1,750.**

With the $2,800.00 deduction, Dr. Waters expert fees and costs total **$15,375.00.**

### ii.   Total Reasonable Costs

I have reviewed all of the other requested costs, including petitioner's out-of-pocket costs, and find them reasonable and supported with adequate documentation. **Accordingly, petitioner is entitled to $22,426.84 for costs** (representing $7,051.84 to Patricia Finn, Esq. and $15,375.00 for Dr. Waters's expert fees and costs), **as well at $13,520.00 petitioner's out-of-pocket costs.**

### III. Total Award Summary

Based on the foregoing, the undersigned **awards a total of $133,715.86**, as specified below:

**A sum of $120,195.86,**[4] representing reimbursement for attorneys' fees in the amount of $97,769.02 and costs in the amount of $22,426.84. A lump sum payment for $120,195.86 shall be made in the form of a check made payable jointly to petitioner, Jean Yates, and petitioners' counsel, Patricia Finn, Esq.

**A sum of  $13,520.00**, representing petitioner's out-of-pocket costs. A lump sum payment for $13,520.00 shall be made in the form of a check made payable to petitioner, Jean Yates.

---

[4] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

The Clerk of the Court is directed to enter judgment in accordance with this Decision.[5]

**IT IS SO ORDERED.**

**<u>s/ Mindy Michaels Roth</u>**
Mindy Michaels Roth
Special Master

---

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.